# **EXHIBIT B**

Case 4:21-cv-00503   Document 1-2   Filed on 02/12/21 in TXSD   Page 2 of 8

12/1/2020 10:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48503547
By: Joshua Hall
Filed: 12/1/2020 10:09 AM

# 2020-76813 / Court: 055

CAUSE NO.: _____

| | | |
|---|---|---|
| **CLEOFAS FERNANDEZ,** | § | **IN THE DISTRICT COURT** |
| Plaintiff | § | |
| | § | |
| v. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **FIESTA MART, L.L.C.,** | § | |
| Defendant. | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF CLEOFAS FERNANDEZ'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

To the Honorable Judge of this Court:

Now comes, Plaintiff, Cleofas Fernandez ("Plaintiff") and files his original petition and request for disclosures complaining of Defendant, Fiesta Mart, L.L.C. ("Defendant"), and would respectfully show the Court as follows:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery under a level 2 discovery control plan of Texas Rule of Civil Procedure 190.3.

### Claim for Relief

2. To comply with the pleading requirements of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### Parties

3. Plaintiff, Cleofas Fernandez, is an individual residing in Dallas County, Texas.

4. Defendant, Fiesta Mart, L.L.C., is a Texas limited liability company with its principal office in Harris County, Texas, and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

**Jurisdiction and Venue**

5.  The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Venue is proper in Harris County, Texas, because Defendant's principal office in this state is located in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002(a)(3).

**Facts**

6.  On January 4, 2019, Plaintiff was a patron of Defendant's store located at 611 W. Jefferson Boulevard, Dallas, Texas. While shopping at Defendant's store Plaintiff was walking in the produce area when he stepped on grapes on the floor and fell on his knee. At all times herein, Plaintiff was an invitee of Defendant. As a result of the fall, Plaintiff suffered injuries to his foot and knee.

**Causes of Action**

*Negligence*

7.  Defendant had a duty to exercise ordinary care to maintain its store clean and free of debris as a reasonable operator would.

8.  Defendant breached its duty of care by failing to maintain a clean floor free of debris as a reasonable operator would. Defendant further breached its duty of care by not taking reasonable steps to clean the grapes upon discovering the grapes on the floor, maintaining proper procedures to locate the grapes on the floor, and placing the grapes in proper containers so they would not fall to the floor.

9.  Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in damages including but not limited to past and future medical expenses, past and future pain and suffering, past and future mental anguish, and past and future loss of wages.

*Negligence Premise Liability*

10. The grapes on the floor posed an unreasonable risk of harm located on the floor of Defendant's store. Defendant knew or should have known of the harm posed by having grapes strewn over its floor.

11. Defendant breached its duty of care to Plaintiff by failing to adequately warn Plaintiff of the harm posed by the grapes on the floor or failing to make the harm created by the grapes on the floor reasonably safe.

12. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in damages including but not limited to past and future medical expenses, past and future pain and suffering, past and future mental anguish, and past and future loss of wages.

*Respondent Superior*

13. At all times herein, Defendant had employees operating its store and maintaining its store clean. Defendant's employees were acting within the course and scope of their employment with Defendant in operating the store and not cleaning the floor. Defendant is liable as respondent superior for the actions of its employee that were conducted during the course and scope of their employment with Defendant that caused Plaintiff's injuries.

**Jury Demand**

14. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

**Request for Disclosure**

15. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2

**Conditions Precedent**

16. All conditions precedent to the institution of this suit have occurred.

## Rule 193.7 Notice

17.     Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have a judgment against Defendant for actual and nominal damages, together with pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (281) 377-3924

By: */s/ Stephen R. Walker*
Stephen R. Walker
Texas Bar No. 24034729
Email: swalker@manuelsolis.com
Gregory J. Finney
Texas Bar No. 24044430
Email: gfinney@manuelsolis.com
Juan A. Solis
Texas Bar No. 24103040
Email: jusolis@manuelsolis.com

ATTORNEYS FOR PLAINTIFF

Case 4:21-cv-00503   Document 1-2   Filed on 02/12/21 in TXSD   Page 6 of 8

2/8/2021 3:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50462059
By: Lewis John-Miller
Filed: 2/8/2021 3:48 PM

CAUSE NO. 2020-76813

| | | |
|---|---|---|
| CLEOFAS FERNANDEZ | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| FIESTA MART L.L.C. | § | |
| Defendants. | § | 55TH JUDICIAL DISTRICT |

## DEFENDANT FIESTA MART, L.L.C.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART L.L.C., files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.   Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant' control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III. Jury Demand

9. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV. Request for Disclosure

10. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

## V. Prayer

FOR THESE REASONS, Defendant FIESTA MART L.L.C., respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART L.L.C. and order that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT
FIESTA MART LLC

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on February 8, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

3

HOULITIGATION:1721503.1