United States District Court
Southern District of Texas
**ENTERED**
May 20, 2022
Nathan Ochsner, Clerk

United States District Court            Southern District of Texas

| | |
|---|---|
| Cleofas Fernandez, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action H-21-503 |
| § | |
| Fiesta Mart, LLC, § | |
|     Defendant. § | |

# Report and Recommendation

Cleofas Fernandez sued Fiesta Mart, LLC in state court alleging that he slipped and fell on grape peels while at a Fiesta Mart store in Dallas, Texas. ECF No. 1-2 at 3. He brought premises liability and negligence claims. *Id.* at 2–3. Fiesta Mart removed the case to federal court. ECF No. 1. Discovery is complete and Fiesta Mart now moves for summary judgment on all of Fernandez's claims. The court recommends that Fiesta Mart's motion be granted and that this case be dismissed with prejudice.

1. Facts

According to Fernandez, on January 4, 2019, he was a customer at a Fiesta Mart in Dallas. ECF No. 1-2 at 3. "While shopping at Defendant's store Plaintiff was walking in the produce area when he stepped on grapes on the floor and fell on his knee." *Id.*

At his deposition, Fernandez testified that he slipped on grape peels. ECF No. 11-1 at 11. He could not recall how many grape peels were on the ground. *Id.* Nor did he know how the grape peels came to be on the ground or how long they had been there. *Id.* In his declaration in support of his response to the summary judgment motion, Fernandez does not shed any further light on how or when the grape peels came to be on the floor. ECF No. 12-1 at 2. He states only that he did not notice them before stepping on them, and that a Fiesta Mart employee confirmed the presence of grape peels after he

fell. *Id.* There is no evidence in the summary judgment record to show when the grapes fell onto the floor or how long they had been there. For example, there are no maintenance records, photos, videos, or other witness statements in the record.

### 2. *Summary Judgment Standard of Review*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting *Celotex Corp.*, 477 U.S. at 324). The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350.

### 3. *Analysis*

Fiesta Mart argues that, because Fernandez alleges he was injured by a dangerous condition, as opposed to an act by Fiesta Mart or one of its employees, he can recover, if at all, under only a premises liability theory—not under a negligence theory. The court agrees.

A plaintiff may recover on a negligent activity theory only if they have been "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *see also Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012). Here, the complaint and the evidence before the court establish only that there were grape peels on the floor. There is no allegation or evidence that Fernandez was injured contemporaneously with any activity by any person. Fiesta Mart's motion for summary judgment on Fernandez's negligence claim should be granted.

Fiesta Mart argues, among other things, that Fernandez's premises liability claim should be denied because Fernandez failed to present any evidence that Fiesta Mart had actual or constructive knowledge of the grape peels on the floor. The court agrees.

A premises owner or occupier has "a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The duty imposed is neither strict liability nor insurance against all injuries. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101–02 (Tex. 2000). The elements of a premises-liability claim are: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014).

Knowledge of a dangerous condition requires actual knowledge or constructive knowledge on the part of the premises owner or operator. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 938 (Tex. 1998). When circumstantial evidence is used to prove constructive knowledge, the plaintiff may satisfy this element by

3

showing that "it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Id.*

Here, there is no evidence in the record to show how or when the grape peels came to be on the floor. As noted above, Fernandez does not know how long they were there. There is no other evidence from which the court can infer that the grape peels were there long enough to have been noticed. The court notes that even Fernandez did not see them, so it is not clear how any employee would have noticed them. Fernandez argues that the fact of his slipping on the grapes is sufficient to demonstrate that the peels were there long enough to have come to Fiesta Mart's notice. ECF No. 12 at 3. The court will not make such a leap in logic. To do so would turn the mere fact of an accident into evidence of notice of a dangerous condition, which is contrary to Texas law.

Because there is no evidence that Fiesta Mart knew or should have known of the grapes on which Fernandez slipped, there is no issue of material fact and Fiesta Mart is entitled to judgment as a matter of law. Because the issue of notice is dispositive, the court does not reach the parties arguments about whether the danger was open and obvious.

*4. Conclusion*

The court recommends that Fiesta Mart's motion for summary judgment be granted and that this case be dismissed with prejudice. The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for

4

plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 19, 2022.

_____
Peter Bray
United States Magistrate Judge